IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALEJANDRO IBARRA LOZANO, PETITIONER
A# 087-517-348

V. CIVIL NO. 5:26-cv-1003-DCB-RPM

WARDEN, Adams County Correctional Center RESPONDENT

ORDER

BEFORE THE COURT is pro se Petitioner Alejandro Ibarra Lozano's "Motion for Expedited Consideration and Temporary Restraining Order, or alternatively Preliminary Injunctive Relief." Mot. [3]. The Court has considered Petitioner's submission and the relevant legal authority. The motion is denied.

Petitioner says he was taken into custody by immigration authorities on August 29, 2026, and he is presently detained at the Adams County Correctional Center in Natchez, Mississippi. Petitioner claims that on September 22, 2026, an Immigration Judge improperly denied his release on bond. On October 30, 2026, he filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention. Petitioner seeks his immediate release from custody or alternatively, a prompt and lawful custody determination and "disclosure of detention authority." Pet. [1] at 7.

Petitioner simultaneously filed this Motion [3] seeking expedited review of his Petition along with an order requiring Respondent to promptly identify the statutory authority for his detention and to "produce pertinent custody, removal, and reinstatement records" along with notice of any "proposed transfer that would impair effective adjudication." Mot. [3] at 2. Essentially, Petitioner is seeking the same relief he seeks in his Petition along with expedited

consideration of his Petition.

Since Petitioner seeks relief that if granted would exceed the 14-day limit of a temporary restraining order, his Motion is in effect a request for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *Dixon v. Vanderbilt*, 122 F. App'x 694, 695 (5th Cir. 2004). To receive a preliminary injunction, Petitioner must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without the injunction; (3) which harm outweighs any harm to respondent if granted; and (4) that the injunction will not disserve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–19 n.15 (5th Cir. 2001). "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

On November 6, 2026, the Court ordered the Respondent to file an answer or other responsive pleading in this cause. *See* Order [4]. The Order also directed Respondent to file any agency records or court records relevant to the disposition of this cause. *Id*. This Petition is proceeding in an expeditious manner.

Petitioner's Motion also asks the Court to require Respondents to justify the statutory authority for his detention, which in part is the relief he seeks in his Petition. "Preliminary injunctions, however, do not conclusively resolve legal disputes." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held"); *Toribio Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, at *1 (N.D. Tex. May 1, 2026) (finding court cannot render the ultimate relief sought in a habeas petition in the form of a preliminary injunction or

temporary restraining order). The legality of Petitioner's detention is the subject of this habeas Petition. The Court has ordered a response from Respondent and Petitioner's request for habeas relief is before the Court. The Court will be able to render a meaningful decision on the merits without granting preliminary injunctive relief. *See Canal Auth. of State of Fla.,* 489 F.2d at 573 ("The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits."). Based on the foregoing and in the exercise of this Court's discretion, Petitioner's motion for a temporary restraining order, which in effect seeks a preliminary injunction, is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pro se Petitioner Alejandro Ibarra Lozano's "Motion for Expedited Consideration and Temporary Restraining Order, or alternatively Preliminary Injunctive Relief" [3] is DENIED.

**SO ORDERED AND ADJUDGED**, this the 9th day of November, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE